## Thomas Knapp Printing and Binding Company v. J. C. Guthrie.

1. EVIDENCE—*Tending to Prove an Issue, Competent.*—In a controversy to determine whether the words "ninety cents an hour double time" was ninety cents an hour, itself doubling the time by doubling the price, or whether the ninety cents were to be doubled, making one dollar and eighty cents, as the wages fixed for certain night work, it is competent to show, on cross-examination, that the person claiming the latter construction was at work in the day during the same time for forty-five cents an hour.

**Assumpsit,** for work, labor and services. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHELTAIN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed June 1, 1896.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

SHUEY & GANN and P. V. HOFFMAN, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant employed the appellee to do some work which necessitated shutting down machinery, and therefore the appellant wanted it done of nights and Sundays. The only contest in the case is whether ninety cents or a dollar and eighty cents an hour for the work is the proper charge.

The appellee says the bargain was—and in this he is corroborated by his helper—that the charge was to be "ninety cents an hour double time." The president of the company who made the bargain, says it was ninety cents an hour.

A witness for the appellant testified that he sent the appellee to the appellant, that during part of the time that the appellee was at work on this job of nights, he was also at work for the witness in the daytime, at work of the same character and somewhat harder, at forty-five cents an hour for the appellee and his helper. The appellee on cross-

examination admitted that during a part of the time he was on this job, he was engaged during the day working for that witness, but when asked what rate of compensation he received for that day work, the court sustained an objection of the appellee to the question, and the appellant excepted. This was error. The jury for some fanciful reason may have discredited the witness, but they could not well have refused to believe the appellee against himself.

The real question before the jury was, assuming that the appellee testified truly that the words of the bargain were " ninety cents an hour double time "—was the ninety cents an hour itself doubling the time, by doubling the pay for the time ? If the fact was that it was double pay, then the reasonable proper construction of the words was in favor of the appellant, and it should have been allowed to prove the fact by such testimony as the appellee could not have disputed.

It is unnecessary to consider the instructions, or the pertinency of the evidence in rebuttal.

The judgment is reversed and the cause remanded.

MR. JUSTICE SHEPARD dissents.

MR. JUSTICE WATERMAN.

Appellee claimed under an alleged special contract; this, as stated by him, is so ambiguous that its meaning is uncertain. The members of this court have been unable to agree as to the meaning of what appellee testifies was said, what he claims, constituted a special agreement.

It may be that if the court were in possession of all the facts known to each of the parties when this conversation was had, the significance of the language employed would be clear; the amount which appellee was then receiving for ordinary hours, if known to appellant, would throw light upon what was said. The alleged special contract being no agreement, because uncertain, appellee can recover a *quantum meruit.* What under the circumstances was a reasonable compensation is what, in the absence of a special contract, he is entitled to.